FILED

PROVIDED TO MAYO C.I. ON

9-05-06    LB Jr.
DATE        INITIALS

2006 SEP -6 P 1:18

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Jacksonville Division

## CIVIL RIGHTS COMPLAINT FORM

CURTIS LEVON BUTLER, JR.
#X09866

CASE NUMBER: 3:06-cv-732-J-25TEM
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

v.

RON SHAW

CHUCK TOMPKINS

STEVE RIGGS

MICHAEL JOSEPH

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

UNKNOWN AGENTS OF SUWANNEE COUNTY SHERIFF'S SWAT TEAM

SHERIFF SUWANNEE COUNTY, FLORIDA - TONY CAMERON

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. **PLACE OF PRESENT CONFINEMENT:** Mayo Correctional Institution
(Indicate the name and location)

8784 West U.S. Highway 27, Mayo, Florida 32066

II. **DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?** Yes ( ) No (✓)

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

DC 225 (Rev. 1/97)

1

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>: Pursuant to the *Prison Litigation Reform Act or 1995*, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

<u>EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES</u>:

<u>General Grievance</u>

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

<u>Other Grievance</u>

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

<u>Questions</u>: *Action not brought with respect to prison conditions.*

A. <u>Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22</u> (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ) No ( )

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status? Yes ( ) No ( )

       a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No ( )

DC 225 (Rev. 1/97)                                    2

      b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. <u>Informal Grievance</u> (Request for Interview)

    1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No ( )

    2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

    1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No ( )

    2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

    3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No ( )

    4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

    1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ) No ( )

    2. If so, you must attach a copy of the appeal and response to this Complaint form.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.**

Signed this  9th  day of  August  , 2006 .

\* Action not brought with respect to prison conditions

_Sutu T. Butler Jr._
(Signature of Plaintiff)

DC 225 (Rev. 1/97)

3

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes ( ) No (✓)

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes ( ) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( )

C. If your answer is YES:

1. What steps did you take? _____

2. What were the results? _____

3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: _____

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.**

Signed this ___9th___ day of ___August___, ___2006___.

\* Action not brought with respect to jail conditions

_____
Signature of Plaintiff

IV.   PREVIOUS LAWSUITS:

   A.  Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?  Yes ( ) No (✓)

   B.  Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?  Yes ( ) No (✓)

   C.  If your answer to either A or B is YES, describe each lawsuit in the space provided below.  If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

      1.  Parties to previous lawsuit:

         Plaintiff(s): _____

         _____

         Defendant(s): _____

         _____

      2.  Court (if federal court, name the district; if state court, name the county):

         _____

      3.  Docket Number: _____

      4.  Name of judge: _____

      5.  Briefly describe the facts and basis of the lawsuit: _____

         _____

         _____

      6.  Disposition (Was the case dismissed?  Was it appealed?  Is it still pending?):

         _____

         _____

      7.  Approximate filing date: _____

        8. Approximate disposition date: _____

D.    Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

_____

_____

_____

_____


V.    PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: _Curtis Levon Butler, Jr., DC#X09866_

Mailing address: _Mayo Correctional Institution,_
_8784 West U.S. Highway 27, Mayo, FL 32066_

B. Additional Plaintiffs: _____

_____

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: _Ron Shaw_

Mailing Address: _c/o Live Oak, Fla.- Police Department_
_200 South Ohio Ave._
_Live Oak, FL 32060-3290_

Position: _Detective; Live Oak Police Department_

Employed at: _Live Oak, Florida, Police Department_

D. Defendant: Chuck Tompkins

   Mailing Address: c/o Live Oak, Fla. - Police Department
200 South Ohio Ave. Live Oak, Florida 32060-3290

   Position: Detective; Live Oak Police Department

   Employed at: Live Oak Police Department; Florida

E. Defendant: Steve Riggs

   Mailing Address: c/o Live Oak, Fla. - Police Department
200 South Ohio Ave. Live Oak, Florida 32060-3290

   Position: Sergeant; Live Oak Police Department

   Employed at: Live Oak, Florida; Police Department

F. Defendant: Michael Joseph

   Mailing Address: c/o Live Oak, Fla. - Police Department
200 South Ohio Ave. Live Oak, Florida 32060-3290

   Position: Officer; Live Oak Police Department

   Employed at: 

G. Defendant: Sheriff, Tony Cameron

   Mailing Address: c/o Suwannee County Sheriff's Office
200 South Ohio Ave., Live Oak, FL 32060-3290

   Position: Sheriff

   Employed at: Suwannee County Sheriff's Office

H. Defendant: Unknown Agents (officers) of Suwannee County Sheriff's S.W.A.T Team to be identified upon Discovery - specifically:
c/o Suwannee County Sheriff's Office
200 South Ohio Ave., Live Oak, FL 32060-3290

DC 225 (Rev. 1/97)

7

VI. **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

On April 28, 2005, at approximately 5:00 am, the Suwannee County Sheriff's S.W.A.T. Team and Live Oak, Florida, Police Dept. Officers - defendants as named; unlawfully and unreasonably perpetrated a forced-unannounced entry of my residence without cause, willfully and maliciously destroyed structure and personal property, and committed an unprovoked aggravated assault and battery against my person; in violation of my Federal Constitutional Protections from unreasonable search and seizure (4th Amendment); Cruel and Unusual Punishment (8th Amendment) and my entitlement to due process and equal protection of law (5th & 14th Amendments).
The Defendants Actions were perpetrated Under Color of Law.

VII. **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

On April 28, 2005, at approximately 5:00am, the Suwannee County Sheriff's S.W.A.T Team (unknown agents - alleged in good faith - to be identified upon discovery and subsequent amendment), and four officers of the Live Oak, Florida, Police Department (Det. Chuck Tompkins, Det. Ron Shaw, Sgt. Steve Riggs, and officer Michael Joseph), forced their way into my residence at 1406 S.W. 8th Street, Live Oak, Florida 32060; completely unannounced without any type warning. Myself and two friends were sleeping.

**Statement of Facts, continued:**

In the perpetration of this forced unannounced entry, the Suwannee County Sheriff's S.W.A.T. Team and the Live Oak Police Dept. officers designated above - using excessive force - wantonly and maliciously destroyed, by breaking, all the windows and doors of my residence without cause. The above Sheriff's Dept. and Live Oak Police Dept. officers, then, in concert proceeded to maliciously destroy the floor and electronic equipment and other personal property (surround sound stereo, Television, Appliances and Clothes) within the residence by spraying a type of "black gunk" - saturating the items to where they were essentially destroyed and unusable.

Myself, and the two friends - not subjects of the alleged investigation and any unproduced warrant - were then handcuffed. I was hit repeatedly by a S.W.A.T. Team officer with a rifle butt causing severe abdominal bruising; though I - or my two friends - never offered any resistance, and were never charged with any resistance related offenses. A warrant for the forced-unannounced entry and search was never produced.

Detective Ron Shaw, Live Oak Police Dept., claimed to have a warrant for the unannounced forced entry and search, but refused to produce it at the time of entry

# CONTINUATION

on April 28, 2005; or any subsequent criminal investigation thereafter. If a warrant did exist, Detectives Shaw and Tompkins misrepresented, omitted pertinent, and entered knowingly erroneous information on the warrants application; making the application for the warrant materially misleading - as it relied on an alleged victim's statement who could not speak English and who later recanted any identification of plaintiff.

The actions of the Suwannee County S.W.A.T. Team and Live Oak Police Dept. officers-defendants, were and constituted, an unconstitutional search and seizure of my person and residence; accomplished with excessive force - unreasonable in light of the surrounding circumstances, and in violation of the 4th, 5th and 14th Amendments to the U.S. Constitution.

The excessive force against and destruction of my property, and further aggravated assault and battery of my person - without cause, in violation of the 4th, 8th and 14th Amendment, was accomplished with callous disregard for plaintiff's rights, and used maliciously and sadistically with intent to cause harm, injury, and severe emotional distress; and was carried out in a manner grossly disproportionate to any circumstances that existed at the time of forced-unannounced entry. The manner in which this unconstitutional search and seizure was carried out also supports the Sheriff's entry as defendant for failure to properly train his S.W.A.T Team personnel as to proper constitutional procedures to be adhered to in search and seizure operations.

During this unreasonable search and seizure, I was falsely arrested and erroneously charged with 16 counts of offenses ranging from armed robbery to criminal conspiracy. All charges against me relating to this cause of action were dismissed on

9a

# CONTINUATION

April 13, 2006.

There was never valid cause or reason for the unannounced forced entry, the malicious destruction of my residence and property, or aggravated assault and battery against my person; where upon valid probable cause, I could have been arrested at any time of entering or leaving my residence; virtually anywhere and at any other time, where none of the provocation for violence or potential for injury would have existed.

There was simply no need or cause for such an unwarranted storm-trooper entry, malicious destruction of property and injury to my person. None of the alleged crimes the Live Oak Police Department was investigating, which were said subject of unproduced warrant, related to my residence at 1406 S.W. 8th Street, Live Oak, Florida; or were alleged to have ever occurred there. No evidence, being said subject of investigation or unproduced warrant, was found at my residence at any time. No charges were filed as a result of (steming from) the unreasonable search and seizure of my residence on April 28, 2005. The Suwannee County's S.W.A.T. Team and Live Oak Police Dept. officers' unreasonable and unconstitutional search and seizure of my residence and person were done 'under color of law'

VIII. **RELIEF REQUESTED:** State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

As Demand, for willful, wanton, and malicious destruction of my residence and property, and the further unprovoked aggravated assault and battery against my person, I seek $100,000.⁰⁰ from the Suwannee County Sheriff and S.W.A.T Teams Officers who participated in the forced-unannounced entry of my residence on April 28, 2005; and $100,000.⁰⁰ from the Live Oak Police Dept. Officers/Defendants, who participated in the forced-unannounced entry of my residence and battery on my person at this time; with an additional $50,000.⁰⁰ punitive damages each from Detectives Shaw and Tompkins for knowingly perpetrating any materially misleading warrant application and fabrication of search and seizure probable cause determinations. Plaintiff also seeks attorney fees and costs of bring suit.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this ___9th___ day of ___August___, ___2006___.

*Curtis L. Butler Jr.*

Curtis Levon Butler, Jr.,
DC# X09866; Dorm 01-109U
Mayo Correctional Institution
8784 West U.S. Hwy. 27
Mayo, Florida 32066
(Signatures of all Plaintiffs)